EDWIN RUSHTON AND OTHERS, APPELLANTS, *v.*
MOSES HALLETT AND OTHERS, RESPONDENTS.

DEED.—DESCRIPTION.— REFORMATION.— A deed embraced three
distinct parcels of land, but excepted therefrom "the street
heretofore deeded to said city and embraced in" the lot last
mentioned therein. The plaintiffs alleged that no street had
ever theretofore been deeded to the city, and that the pre-
tended exception did not exclude anything from the three
parcels and asked reformation of the deed on the ground of
fraud, by excluding the excepted tract; *held* that the words
of the exception were descriptive only, that it made no dif-
ference whether the street was ever deeded and if the ground
could be identified, title did not pass to the defendants.

ID.—ID.—ID.— FRAUD.— The complaint alleged that the defend-
ants fraudulently procured to be inserted in a deed a wrong
description, by retaining the deed proffered by plaintiffs and
tendering to plaintiffs a deed prepared by them (the defend-
ants) which made no exception of premises not intended to;
be granted, and by representing that the descriptions in the
two deeds were the same; the complaint alleged no fiduciary
relation, no mutual mistake; *held* that it was plaintiffs' fault
if they were imposed upon and no fraud was alleged.

APPEAL from a judgment of the district court of the
first district. The opinion states the facts.

*Messrs. Kaighn and Anderson* and *Messrs. Wilbur
and Weeks,* for the appellants.

The representation that the second deed embraced no
more land than the first deed was actual fraud. Cooley
on Torts, 474, Story, Eq. Jur. § 186. The deed must be
a free and voluntary act. If, therefore, the grantor is
induced by fraud * * * to make a conveyance which
he would not otherwise have made, the deed is voidable.
Tiedeman on Real Property, § 796; Am. and Eng. Enc.

Law, Vol. V. p. 430. Any material fact as to which one party places a known trust and confidence in the other, and by which the confiding party is misled to his injury, will induce a court of chancery to set aside a conveyance. 2 Estee, p. 254; *Smith* v. *Richards,* 13 Pet. U. S. 26. If the other party have caused the mistake by misrepresentation, designedly and for the purpose of inducing the contract, it is a fraud and the contract may be avoided. Lawson's R. R. and P., Vol. V. § 2340, quoting cases. In a similar case to this, equity gave relief in case of *Read* v. *Cramer,* 2 N. J. Eq. 277, 34 Amer. Dec. 205. The cases on this point are also collected in Am. and Eng. Cycl. Law, Vol. VIII. p. 636–7. See also *Damm* v. *Moon,* 48 Mich. 510, 12 N. W. Rep. 679; *Pierce* v. *Roberson,* 13 Cal. 125, 127; Pomeroy's Equity Jurisprudence, Vol. II. § 845; *Kellmer* v. *Smith,* 77 N. Y. 226. Equity will reform a deed to make it conform to the intention of the parties. Lawson's R. R. and P., Vol. V. § 2306; *Evart* v. *Steele,* 11 Ohio, 480, 38 Am. Dec. 714.

*Messrs. Marshall and Royle,* for the respondents.

Respondents admit that the third tract, the street, was not to be conveyed and deny that by the deed the street was conveyed. Outside of the question of "deeding" the ground excluded is so identified there cannot be any mistake as to it. Even if both deeds were represented to be the same, the representation was true. But even if false there was no fraud. 2 Pomeroy's Eq. Jur. §§ 876, 877, 878, 882, 892, 893; 2 Devlin on Deeds, §§ 1020, 1021, 1022; *Burbach* v *Schweinler,* 56 Wis. 389.

BLACKBURN, J.:

This suit is brought to reform a deed. Demurrer to amended complaint. Demurrer sustained. Judgment on demurrer, and appeal from the judgment. The complaint

is as follows: "Now come said plaintiffs, and, by leave
of the court first had and obtained, file this, their second
amended complaint, and allege: (1) That at all times
hereinafter mentioned, the real estate firm of Thompson,
Allen & Steele, of Salt Lake City Utah, were the duly
authorized and acting agents of defendants, fully empowered
to represent, act for, and bind defendants in all matters
in and about the transactions and business hereinafter
set forth. That on or about the 6th day of February,
1888, in the city of Salt Lake, Utah, plaintiffs made and
entered into a contract with defendants, through the
defendants' said duly authorized and acting agents, to-wit,
said Thompson, Allen & Steele, whereby, for and in con-
sideration of the price, $350 per acre, or $6,737.50 in all,
to be paid to them, plaintiffs agreed to sell and convey,
and defendants agreed to purchase and receive, two (2)
certain lots or parcels of land, of an aggregate or total
area of nineteen and one-fourth ($19\frac{1}{4}$) acres, and no more,
situated in the city and county of Salt Lake and Ter-
ritory of Utah. That the first of said lots or parcels of
land is described as follows, to-wit: Commencing at a
point nine (9) rods west of the northeast corner of block
nine (9), plat C, of Salt Lake City survey, and running
thence south forty (40) rods; thence west twenty-one (21)
rods; thence north forty (40) rods; thence east to place
of beginning,—containing five and one-fourth ($5\frac{1}{4}$) acres.
That, for twenty-five years prior and up to the sale and
conveyance hereinafter mentioned to defendants, plaintiffs
continuously were the owners, in the possession, and
entitled to the possession, of the same. That the second
of said lots or parcels of land is described as follows,
to-wit: Commencing at a point eight (8) rods west of
the southeast corner of block sixteen (16) of said plat C of
said Salt Lake City survey, and running thence west to the
east bank of the river Jordan; thence, in a northeasterly
direction, following the meandering of said river, to a

point at the intersection of said river and the center line of said street, twenty-nine and four-tenths (29.4) rods; thence south twenty (20) rods, to place of beginning,— containing fourteen and one-fourth (14¼) acres. That, for twenty-five years prior and up to the hereinafter mentioned sale and conveyance to defendants, plaintiffs continuously were the owners, in the possession, and entitled to the possession, of the same. That said two tracts contain together an area of little over nineteen and one-fourth (19¼) acres. (2) That lying between two said pieces or parcels of land is a third tract of land eight (8) rods in width, and about ninety-five (95) rods in length, from east to west, of an area of about five (5) acres, and described as follows, to-wit: Commencing at the northeast corner of said block nine (9), in said plat C, and running thence west about ninety-six (96) rods, to the Jordan river; thence northeasterly, following the meandering of said river, to the north side of said South Seventh street; thence east, about ninety-three (93) rods, to the southeast corner of said lot sixteen (16), in said plat C; thence south eight (8) rods to place of beginning. That said last mentioned tract was at one time surveyed as a continuation of South Seventh street, of said Salt Lake City, but was never used, held, or occupied as a street, or in any manner dedicated to public use, and never sold, conveyed, or transferred by plaintiffs, or any of them, to said Salt Lake City, or to any other person, for or as a street or otherwise. That said plaintiffs for over twenty-five years last passed have continuously been the owners, in the possession, and entitled to the possession, of said last described tract of land. (3) That on or about the ———— day of February, 1888, said defendants caused to be drawn and prepared a deed from plaintiffs to defendants, correctly describing the land embraced in said contract of sale, to-wit, the nineteen and one-fourth (19¼) acres embraced in the first two hereinbefore described

lots or parcels of land, but not including said third hereinbefore described tract, of about five (5) acres in extent, lying between them. (4) That afterwards, to-wit, on or about the 6th day of February, 1888, defendants, through their said agents and their attorneys, caused to be prepared a second deed from plaintiffs to defendants, and presented same to plaintiffs to be by them signed and acknowledged, and falsely and fraudulently represented to plaintiffs that said second deed was the same as said first mentioned deed, and embraced only the land which, by their said contract, plaintiffs had agreed to convey, to-wit, nineteen and one-fourth (19¼) acres embraced in the first two lots or parcels hereinbefore described, and no more. (5) That said deed, in fact, erroneously and improperly, and in fraud of the rights of plaintiffs, embraced and described, not only said two (2) lots or parcels of land, but also the third hereinbefore described tract, five (5) acres in extent, lying between them. That, relying upon said false and fraudulent representations of defendants so made through their said agents, plaintiffs inadvertently and ignorantly signed and acknowledged and delivered said deed to defendants, and received therefor the agreed purchase price for said nineteen and one-fourth (19¼) acres, and no more, to-wit, the said sum of $6,737.50. (6) That said deed contained a pretended exception of said third hereinbefore described five (5) acre tract, in the words and figures as follows, to-wit: 'But there is nevertheless excepted from the foregoing the street heretofore deeded to said city, and embraced in said last named lot one (1), section eleven (11), township one (1), aforesaid.' That said mentioned land or street has never been deeded to said city, and said pretended exception does not, therefore, except or exclude it from the land embraced or covered by said deed. That a copy of said deed is hereto attached, marked 'Exhibit A,' and made a part of this second amended complaint. (7) That

said plaintiffs never contracted or intended to convey to defendants said third hereinbefore described tract of land, and did not know or discover that said tract was so embraced in said deed, which they had executed, until on or about the ——— day of September, 1890. That, as soon as plaintiffs made said discovery, they, on or about the ——— day of September, 1890, demanded of said defendants, through their said agents, the correction of said deed. (8) That plaintiffs have continuously since the execution of said deed been and remained in the peaceable and undisturbed possession of said third hereinbefore described tract, as of right they are entitled to be; and have never sold or conveyed their title thereto to any person or persons, save and except such title as may have been erroneously conveyed to defendants by the said deed 'Exhibit A.' Wherefore plaintiffs pray judgment. (1) That said deed be reformed, and made to conform to the contract between plaintiffs and defendants, and the intentions of plaintiffs in making said deed. (2) That plaintiffs be declared the owners and entitled to the possession of said tract, five (5) acres in extent, and described as follows, to-wit: Commencing at the northeast corner of said block nine (9), in plat C, of said Salt Lake City survey, and running thence west about ninety-six (96) rods, to the Jordan river; thence northeasterly, following the meanders of said river, to the north side of said South Seventh street; thence east, about ninety-three (93) rods, to the southeast corner of block sixteen (16), in said plat C; and thence south eight (8) rods, to the place of beginning,—containing five (5) acres, more or less. (3) For such other and further relief as may be just, and for costs of suit.

"KAIGHN & ANDERSON, WILBER & WEEKS,

"Attorneys for Plaintiffs.

[Duly verified.]

"Filed and served May 11, 1891."

The matter complained of is that the description is erroneous, in this: It embraces two distinct parcels of land, as well as another parcel not sold, about which the controversy is. It described all the parcels of land as one piece, including the one in controversy, but it contains the following exception: "But there is nevertheless excepted from the foregoing the street heretofore deeded to said city, and embraced in said last mentioned lot one (1), section eleven (11), township one (1), aforesaid." If a street existed there, or had been laid off as stated in the exception, and covered the same ground that plaintiffs complain is wrongfully contained in the deed, the title to that does not pass to defendants, and the plaintiffs have no cause for action. The appellants' admit this to be the fact, but contend that no such street was ever deeded to the city as stated in the exception, but admit such a street was laid off at one time but never used. This is a matter of description only, and it makes no difference whether the claimed street was ever deeded, or ever a valid street. If the ground can be identified, the title does not pass to the defendants, and, if no street existed at all, the title to the disputed ground still remains in the plaintiffs, and they have no cause for complaint against the defendants. The question as to who owns the land is between them and the city. The allegations of the complaint state no facts that constitute fraud on the part of the defendants. The plaintiffs were in possession; still are in possession, knew all about how it lay, and its boundaries. The parties were at arm's length. No relation of confidence or trust existed between them; and, if the plaintiffs were imposed upon, it was their own neglect. The complaint does not charge a mutual mistake; it charges fraud. If the plaintiffs were defrauded, it was their own fault entirely. Therefore I think there is no equity stated in the complaint

that calls for the interference of a court of chancery, and therefore the demurrer was properly sustained.

Judgment is affirmed, with costs.

Anderson, J., and Miner, J., concurred.