(November 30, 1896.)

## COMMERCIAL BANK v. LIEUALLEN.

[46 Pac. 1020.]

CONFLICT OF EVIDENCE—FINDING OF FACTS.—The facts found by the court will not be disturbed on appeal where there is a substantial conflict in the evidence. *Held*, that there is no such conflict in this case.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Sweet & Steele, for Appellants.

The last note was signed by Mr. Lieuallen alone, and there was pledged as security therefor, together with other notes, a chattel mortgage upon Mr. Lieuallen's stock of goods. Why place a mere memorandum note in a mortgage, and how is it possible to proceed with a chattel mortgage foreclosure upon a mere memorandum while the plaintiff holds the only actual evidence of the debt? These facts and circumstances indicate, we think, that these notes were given by Mr. Lieuallen in payment of the original debt, and were accepted by the bank as such. (*Waydell v. Leur*, 3 Denio, 426.) If it was agreed

that the new note should be received as payment of the original debt, then the giving of a new note is payment. (*First National Bank v. Newton,* 10 Colo. 161, 14 Pac. 428; *Brewster v. Bours,* 8 Cal. 502; *Welch v. Arlington,* 23 Cal. 322.) Plaintiff cannot sue upon the $1,600 note, the original debt, and during the pendency of the action, bring foreclosure proceedings under the chattel mortgage act for the collection of the same debt represented by another note; if it be considered that the new note was not payment, still plaintiff cannot proceed on the original note without surrendering for cancellation the outstanding note for $763.60. (*Holmes v. D'Camp,* 1 Johns. 24; Edwards on Bills and Notes, sec. 753; *Prisbic v. Larned,* 21 Wend. 450; *Tobey v. Barber,* 5 Johns. 68, 4 Am. Dec. 326; *Burdic v. Green,* 15 Johns. 246; *Hughes v. Wheeler,* 8 Cow. 82.)

Forney, Smith & Moore, for Respondent.

The principal witness in the case on the part of plaintiff was I. A. Funk. His testimony is to the effect that this note has not been paid, and that the Commercial Bank owns the same. The appellants introduce in their behalf J. W. Lieuallen, who testified as to the payment of the $1,683 notes. The transcript therefore shows that there was a conflict of the testimony on this point. The court finds in effect that plaintiff is now the owner and holder of said note, and that the whole amount due thereon is the sum of $962.19, etc. This, then, is a finding of the court upon conflicting testimony, with the evidence of one man to support and one to contradict it. The rule of law applicable to such a state of facts is too elementary to require any citation; but we would call appellants' attention to the fact that it has been repeatedly held in almost every state and territory in the Union that where there is conflicting testimony upon a given point, the finding of the court thereon will not be disturbed in the appellate court, provided there is a scintilla of evidence to support such finding. (*Cooper v. Kellog,* 2 Idaho, 330, 13 Pac. 350; *Sabin v. Burke,* 4 Idaho, 28, 37 Pac. 352; 1 Deering's California Digest, Appeals, XI, secs. 2596, 2597, and cases cited; *Heinlen v.*

*Heilbron,* 97 Cal. 101, 31 Pac. 838; *Reay v. Butler,* 95 Cal. 206, 30 Pac. 208.)

SULLIVAN, J.—This action is by the Commercial Bank against J. W. Lieuallen and C. C. Lieuallen, as makers of a promissory note for $1,683.75. The plaintiff prays for a decree foreclosing the real estate mortgage executed by J. W. Lieuallen and Ivanella Lieuallen, husband and wife, as security for the payment of said note. A. A. Lieuallen and A. J. Cable were made defendants, on the ground that they had a lien against the real estate, which lien plaintiff claims is subsequent to the lien of said mortgage. J. W. Lieuallen and his wife contested the right of the bank to foreclose said mortgage, on the ground that said promissory note had been paid in full. The suit was tried by the court, without a jury, and judgment and decree of foreclosure were entered against the defendants. This appeal is from the judgment and order overruling defendants' motion for a new trial. Several errors are assigned.

The facts of this case are substantially as follows: The plaintiff seeks to foreclose a mortgage on real estate given to secure a promissory note executed for $1,683.75, and dated January 27, 1892, due six months after date, claiming a balance due thereon of $894.20, with interest from November 21, 1892. The defendants admit the execution of the note and mortgage, but claim that said note has been paid in full, by the payment of a certain amount of cash, and the execution of a promissory note for the sum of $1,556.25, dated August 23, 1893; that the last-mentioned promissory note was paid, part in cash, and the balance by a promissory note for $763.60, dated November 23, 1893, which was secured by chattel mortgage, on which chattel mortgage foreclosure proceedings were commenced December 4, 1894, during the pendency of this action. The plaintiff claims that said $1,556.25 note and the $763.60 note were "memorandum notes," representing the balance due on the $1,683.75 sued on in this action, after certain payments were made, and gives as one reason for taking said first-mentioned note that the matter would run for a long time, and would save the expense of executing a new mortgage, every

time a partial payment was made thereon. Witness Funk, cashier of the bank, testified as follows, to wit: "I took a note for $1,500 and some odd dollars—I think $1,525.25, if I remember correctly—simply as a settlement as to the balance due, and pinned it right to this [note of $1,683.75], and told him [Lieuallen] we would hold this as the collateral to this note of $1,556.25; and then when he made a further settlement, after selling some property for $700, I destroyed · the other note [meaning the $1,556.25 note], gave it to him, and pinned a note to this as a memorandum note, still holding this note in the same position as it was when we had the fifteen hundred, we considered a memorandum; it was with us all the time." Some of the above evidence is a little obscure, but is made plain by other evidence. Mr. Funk, on behalf of plaintiff, testified in regard to the $763.60 note as follows: "It is simply a memorandum of a settlement that we had, which is the balance due on this note"—meaning the $1,683.75 note. The following question was propounded to witness Funk: "Q. Mr. Funk, I will ask you to state whether or not it is the fact that this $764 note [meaning the $763.60 note], which is secured by chattel mortgage, is not the balance which was due upon the $1,600 note [meaning the $1,683.75], or whatever the amount is, that you have sued on in this complaint." "A. That is the facts in the case." The witness Funk further testified: "Q. Please. state to the court what your object was in taking the personal note of Mr. Lieuallen, when you had a note which was secured by a real estate mortgage. A. I have already explained that every time he made a little payment— any time he wanted to settle up—he would have to go to the expense of a new mortgage." The evidence on the part of the appellants shows that the $1,556.25 note was given to pay a balance due on the $1,683.75 note; that on the sixteenth day of October, 1893, he paid $764 on the $1,556.25; that when said $1,556.25 note became due, on the 23d of November, 1893, the defendants paid the balance due on said note by giving a promissory note for $763.60, dated November 23, 1893, and by paying the interest then due, which was $56.25, and gave a chattel mortgage to secure said last-mentioned promissory note. The original note for $1,556.25 is before us, and is stamped,

"Paid November 25th, 1893," and contains the signatures of "J. W. and C. C. Lieuallen." It is a little surprising to find a promissory note such as the one last above referred to, claimed to have been made and kept as a "memorandum" of the balance due on another note, containing not only the signature of the debtor, but the signature of a surety. Why the signature of a surety to mere memoranda? There is indorsed on the face of the original note (the $1,683.25 note) the following, in pencil: "R. E. Mtg. Collateral to note $763.60, due Feb. 23d, 1894." Witness Funk testified that, when he took the $1,556.25 note, he indorsed on the face of said original note the above indorsement, except that in place of "$763.60, due Feb. 23d, 1894," he wrote, "$1,556.25" and when due.

Appellant contends that the note of $1,683.25, on which this suit was brought, had been paid, and that the evidence clearly shows that fact. The evidence shows that the original note was superseded by the note for $1,556.25, and that note was paid in full, and stamped "Paid" by the respondent and delivered to appellants; that it was paid as follows: Cash, on October 16, 1893, $764; cash, on November 23, 1893, $56.25; and balance, $763.60, by promissory note, dated November 23, 1893, and secured by chattel mortgage. While it is true there is a conflict in the oral testimony given by J. W. Lieuallen, for defendants, and the oral testimony of the witness Funk, for the plaintiff, as to the place occupied by the note of $1,556.25 in this transaction, the testimony of Mr. Lieuallen is supported by the written evidence in the case made by the plaintiff, and is in direct conflict with the oral evidence produced by plaintiff. Mr. Lieuallen testified that the $1,556.25 note was given in part payment of the $1,683.25 note sued on in this case, and on the last-named note are written by Mr. Funk, cashier of the bank, the following words and figures: "R. E. Mtg. Collateral to $1,556.25, due Nov. 23d, 1893." If that be true, then there was a change of some kind made. The $1,556.25 note took the place of the original, and the original became the collateral, if the testimony of Funk be true. But Mr. Funk also testified that the $1,556.25 was only a "memorandum note," as he terms it, made for the purpose

of showing the balance due on the original note. If that, in fact, was the purpose, why call in C. C. Lieuallen to sign said memorandum note as a security? And if that be simply a memorandum of the balance due on the original note, why indorse on the face of the original that the original is held as collateral to the memorandum? And why indorse the $1,556.25 note "Paid," and deliver it to appellant J. W. Lieuallen, if it was intended simply as a memorandum of the balance due on said original note on August 23, 1893? And if the $763.60 note was a mere memorandum note, to show balance due on note of $1,683.75, why have it secured by chattel mortgage? If the theory of the plaintiff is in accordance with the facts of this case, it has been most unfortunate in making evidence that strongly supports the theory of the defendants, and absolutely refutes its own position. There is no substantial conflict in the evidence. The respondent contends that there is a conflict in the evidence, and that the note of $1,683.75 was paid, part in cash, and part by the $1,556.25, thus satisfying that note and the mortgage given to secure it. The $1,556.25 note was paid, part in cash, and the balance, $763.60, by promissory note, dated November 23, 1893, which note was secured by chattel mortgage.

The respondent contends that there is a conflict in the evidence, and, for that reason, this court will not disturb the findings of the court below where there is a scintilla of evidence to support them, and cites, among other cases, that of *Sabin v. Burke*, 4 Idaho, 28, 37 Pac. 352, 355, decided by this court, as sustaining that contention. That case does not sustain the position of respondent. In that case the court said: "In causes tried by the court below, without a jury, the decision of the court on questions of fact takes the place of the verdict of the jury in jury trials, and will not be disturbed when there is a substantial conflict in the testimony, unless the decision is clearly against the weight of the testimony." That, we think, is the correct rule; and, as there is no substantial conflict in the evidence, the court will not hesitate to reverse the judgment in order that justice may be done.

It is not necessary for us to pass upon other points raised in this case. The judgment of the court below is reversed, and the case is remanded, with instructions to enter judgment in favor of appellants. Costs of this appeal awarded to appellants.

Morgan, C. J., and Huston, J., concur.