(September 20, 1913.)

## PANHANDLE LUMBER CO., Respondent, v. GEORGE RANCOUR, Appellant.

[135 Pac. 558.]

REFORMATION OF CONTRACT—WEIGHT OF EVIDENCE—REASONABLE DOUBT RULE—MISTAKE RESULT OF NEGLIGENCE.

1. It is an established rule in this state that a party seeking reformation of a contract or specific performance or pursuing any other civil remedy is not required to establish his case "beyond a reasonable doubt," and that the rule requiring a case to be established "beyond a reasonable doubt" applies in this state only to criminal cases.

2. The rule requiring a plaintiff seeking reformation of a contract or a specific performance to establish his case by clear and satisfactory evidence is a rule by which the trial court is to weigh and consider the evidence, and unless that rule has been substantially departed from by the trial court in arriving at his decision, the appellate court will not disturb the findings and judgment.

3. The rule that "courts of equity will not relieve parties from the consequences of their own folly or assist them when their condition is attributable to their failure to exercise ordinary care for their protection," will be administered by courts in the light of the facts and circumstances of each particular case with such discretion and flexibility as will accomplish substantial justice in the case then before the court.

4. Facts of this case examined and *held* sufficient to support the findings and judgment.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robert N. Dunn, Judge.

Action for reformation of contract and injunction.   Judgment for plaintiff.   Defendant appealed.   *Affirmed.*

Reed & Boughton, for Appellant.

The court erred in overruling defendant's motion to strike the amended complaint of plaintiff.   (31 Cyc. 409; *Anderson*

*v. Groesbeck,* 26 Colo. 3, 55 Pac. 1086; *Hallett v. Larcom,* 5 Ida. 492, 51 Pac. 108; *Thompson v. Beeler,* 69 Kan. 462, 77 Pac. 100; *McLain & Daniel v. Americus Oil Co.,* 117 Ga. 881, 45 S. E. 268; *Venable v. Burton,* 118 Ga. 156, 45 S. E. 29; *Atwater v. Hannah,* 116 Ga. 745, 42 S. E. 1007.)

Plaintiff did not establish beyond a reasonable doubt by clear, satisfactory and convincing evidence that there was a mutual mistake in reducing the contract to writing. (2 Pom. Eq. Jur. 862; *Houser v. Austin,* 2 Ida. 204, 10 Pac. 37; *Hearne v. Marine Ins. Co.,* 20 Wall. 488, 22 L. ed. 395; *Miller v. Morris,* 123 Ala. 164, 27 So. 401; *Hochstein v. Berghauser,* 123 Cal. 681, 56 Pac. 547; *Wilson v. Morris,* 4 Colo. App. 242, 36 Pac. 248; *Bishop v. Clay F. & M. Ins. Co.,* 49 Conn. 167; *Muller v. Rhuman,* 62 Ga. 332; *Smith v. Rust,* 112 Ill. App. 84; *Fosler v. Miller,* 132 Ill. App. 464; *Hervey v. Savery,* 48 Iowa, 313; *Pyne v. Knight,* 130 Iowa, 113, 106 N. W. 505; *Philpott v. Elliott,* 4 Md. (Ch.) 273; *Miller v. Stuart,* 107 Md. 23, 68 Atl. 273; *German-Am. Ins. Co. v. Davis,* 131 Mass. 316; *Case v. Peters,* 20 Mich. 298; *Mosby v. Wall,* 23 Miss. 81, 55 Am. Dec. 71; *Downing v. McHugh,* 3 Mo. App. 594; *Rowley v. Flannelly,* 30 N. J. Eq. 614; *Hupsch v. Resch,* 45 N. J. Eq. 657, 18 Atl. 372; *Boyertown Nat. Bank v. Hartman,* 147 Pa. 558, 30 Am. St. Rep. 759, 23 Atl. 842.)

"It must be satisfactorily proven, to a moral certainty." (*Spare v. Insurance Co.,* 19 Fed. 14, 9 Saw. 148.)

"The proof must be so full and clear as to leave no room for controversy." (*Henderson v. Stokes,* 42 N. J. Eq. 586, 8 Atl. 718.)

"So clear and convincing as to leave no room for doubt." (*Cox v. Woods,* 67 Cal. 317, 7 Pac. 722.)

"It must be entirely clear and satisfactory." (*Rawson v. Lyon,* 23 Fed. 107.)

"Clear case, free from doubt." (*Stockbridge Iron Co. v. Hudson Iron Co.,* 102 Mass. 48.)

"Clear, satisfactory and convincing." (*Greive v. Greive,* 15 Wyo. 358, 89 Pac. 569, 9 L. R. A., N. S., 1211, 11 Ann. Cas. 1162; *Weltner v. Thurmond,* 17 Wyo. 268, 129 Am. St. 1113, 98 Pac. 590, 99 Pac. 1128.)

"Where the evidence as to an alleged mistake hangs equal or nearly *in equilibrio,* as where one party to an instrument testifies that a mutual mistake was made, which the other party thereto denies, reformation will be refused." (*United States v. Munroe,* Fed. Cas. No. 15,835, 5 Mason, 572; *Pope v. Hoopes,* 84 Fed. 927, 90 Fed. 451, 33 C. C. A. 595; *White v. Henderson-Boyd Lbr. Co.,* 165 Ala. 218, 51 So. 764; *Marquette Lbr. Co. v. Abbeles Co.,* 81 Ark. 420, 99 S. W. 685; *Wall v. Arrangton,* 13 Ga. 88; *Mifflin County Nat. Bank v. Thompson,* 144 Pa. 393, 22 Atl. 714; *Helms v. Helms,* 135 N. C. 164, 47 S. E. 415.)

It is a well-settled rule that a court of equity will not grant or confer any relief on the ground of mistake where the mistake is due to the parties' own carelessness or negligence, nor will it relieve the party from the consequences of their own folly or assist them when their condition is attributable to their failure to exercise ordinary care for their own protection. (*Persinger v. Chapman,* 93 Va. 349, 25 S. E. 5; *Johnston v. Dunavan,* 17 Ill. App. 59; *Marshall v. Westrope,* 98 Iowa, 324, 67 N. W. 257; *Hawkins v. Hawkins,* 50 Cal. 558; *Kimmell v. Skelly,* 130 Cal. 555, 62 Pac. 1067; *Robertson v. Smith,* 11 Tex. 211, 60 Am. Dec. 234; *Hill v. Bush,* 19 Ark. 522; *Robinson v. Glass,* 94 Ind. 211; *Glenn v. Statler,* 42 Iowa, 107; *Farnsworth v. Duffner,* 142 U. S. 43, 12 Sup. Ct. 164, 35 L. ed. 931; *Roemer v. Conlon,* 45 N. J. Eq. 234, 19 Atl. 664; *Great West Mfg. Co. v. Adams,* 176 Fed. 325, 99 C. C. A. 615; *Perkins v. Herring,* 110 Va. 822, 67 S. E. 515, 19 Ann. Cas. 342; 19 Am. & Eng. Ann. Cas. 342; *Voorhis v. Murphy,* 26 N. J. Eq. 434.)

It is not sufficient to show a misdescription of land in the contract, occurring through the party's own negligence and mistake. (*Emery v. Mohler,* 69 Ill. 221; *First Nat. Bank v. Gough,* 61 Ind. 147; *Toops v. Snyder,* 70 Ind. 554; *Fitzpatrick v. Ringo,* 9 Ky. 503, 5 S. W. 431; *Albany City Sav. Inst. v. Burdick,* 20 Hun, 104; *Rushton v. Hallett,* 8 Utah, 277, 30 Pac. 1014; *Kennerty v. Etiwan Phosphate Co.,* 21 S. C. 226, 53 Am. Rep. 669; *Cape Fear Lumber Co. v. Matheson,* 69 S. C. 87, 48 S. E. 111; *Haggerty v. McCanna,* 25 N. J. Eq.

48; *McNinch v. N. W. Thresher Co.*, 23 Okl. 386, 138 Am. St. 803, 100 Pac. 524.)

Chas. L. Heitman, for Respondent.

In such proceedings all amendments, if no statute or rule of court interposes to prevent, are in the discretion of the court, and are allowed or refused as the court may deem most conducive to the furtherance of justice. (1 Ency. Pl. & Pr. 515, 533; *Lanning v. Heath*, 25 N. J. Eq. 425; *Bradley v. Parker*, 4 Cal. Unrep. 250, 34 Pac. 234.)

Amendment introducing a new cause of action or defense may be allowed at any time before trial. (*Hatch v. Bank*, 78 N. Y. 487; *Davis v. New York etc. R. Co.*, 110 N. Y. 646, 17 N. E. 733.)

When an offer to amend is made at such a stage in the proceedings that the other party will not lose an opportunity to fairly present his whole case, amendments should be allowed with great liberality. (*Kirstein v. Madden*, 38 Cal. 158; *Palmer v. Utah Ry.*, 2 Ida. 384 (350), 16 Pac. 553; *Homan v. Hellman*, 35 Neb. 414, 35 N. W. 369; *Robinson v. Willoughby*, 67 N. C. 84.)

The right of the court sitting in equity to give the relief prayed for by plaintiff cannot be questioned. Contracts of every description, whether relating to real or personal property, or whether executed or executory, will be reformed or corrected by the chancellor upon proper proof. This jurisdiction is given in order that exact justice may be done and to defeat mistake or fraud. (*Williams v. Hamilton*, 104 Iowa, 423, 65 Am. St. 475 and note, 73 N. W. 1029.)

The fact that the evidence is conflicting upon the point of the mistake claimed is no argument against the right of the plaintiff to have the relief prayed for. (*Hutchinson v. Ainsworth*, 73 Cal. 457, 15 Pac. 82; *Wilson v. Moriarity*, 88 Cal. 211, 26 Pac. 85.)

The decision of the trial court upon such conflict of evidence will be conclusive. (*Brison v. Brison*, 90 Cal. 323, 27 Pac. 186; *Home Farm Co. v. Freitas*, 153 Cal. 680, 96 Pac. 308; *Owsley v. Matson*, 156 Cal. 401, 104 Pac. 983.)

Courts of equity are more lenient in reforming and correcting instruments where the mistake sought to be corrected is descriptions of property than where the mistake is in terms or conditions of agreement. (*Rosenbaum v. Evans,* 63 Wash. 506, 115 Pac. 1054; *Kern River Co. v. Los Angeles,* 164 Cal. 751, 130 Pac. 714; *Deford v. Mercer,* 24 Iowa, 118, 92 Am. Dec. 460; *James v. Cutler,* 54 Wis. 172, 10 N. W. 147; *Sullivan v. Moorehead,* 99 Cal. 157, 33 Pac. 796.)

The rule that equity will not aid the negligent does not apply in its fullest sense to the correction of mistakes merely in the description of property granted. (*Morrison v. Collier,* 79 Ind. 417.)

Relief is not denied because there is conflicting testimony, for that would result in a denial of justice in some of the plainest cases. (Beach, Eq. Jur., sec. 546.)

Equity will reform an instrument where an unreasonable excess of land or property was by mistake incorporated in the conveyance. (*Clark v. Roots,* 50 Ark. 179, 6 S. W. 728, 8 S. W. 569; *Wilcox v. Lucas,* 121 Mass. 21, 3 Morr. Min. Rep. 380; *Stedwell v. Anderson,* 21 Conn. 139; *Hosleton v. Dickinson,* 51 Iowa, 244, 1 N. W. 550.)

In an action to reform a written contract on the ground that, owing to a mistake, it fails to express the agreement which the parties to it actually made, it is incumbent upon the party alleging the mistake to clearly establish it by satisfactory proofs, but he is not bound to establish the mistake beyond a reasonable doubt. (*Southard v. Curley,* 134 N. Y. 148, 30 Am. St. 642, 31 N. E. 330, 16 L. R. A. 561; *Hosleton v. Dickinson,* 51 Iowa, 244, 1 N. W. 550.)

AILSHIE, C. J.—This action was commenced by the plaintiff asking for an injunction to restrain the defendant from cutting and removing timber from certain lands belonging to the plaintiff. The defendant answered, setting forth a written contract for the sale of dry wood and cedar, which contract defendant claimed covered the tract of land in question. Thereafter the plaintiff filed an amended complaint, setting forth the contract which had been pleaded by the defendant

and alleging that a mutual mistake had been made in reducing the contract to writing, and asking for its reformation and for an injunction as previously prayed for. To this defendant answered, and the case went to trial and resulted in findings and judgment in favor of the plaintiff, and the court thereupon reformed the contract and entered a judgment accordingly.

It is first urged that the court erred in overruling the defendant's motion to strike the amended complaint from the files. The original complaint alleged the ownership of the lands, which were described as being the plaintiff's, and that the defendant was trespassing thereon and cutting timber to plaintiff's damage, and prayed for an injunction. The defendant's answer admitted the cutting of the timber but alleged that he was doing so under a written contract, showing that he had purchased the right to cut all the dry wood and cedar on this land and set up the contract under which he was acting. The plaintiff thereupon filed an amended complaint setting up the contract which had been pleaded by the defendant and alleging that it was the contract, intention and understanding of the parties that the plaintiff was selling and the defendant was buying the right to cut the dry wood and cedar standing and being on that portion of the lands and premises described, *lying north of the railroad track* and roadbed of the Idaho & Washington Northern Railroad. The defendants moved to strike this amended complaint from the files on the ground that it changed the issues. We think the court properly allowed the filing of this amended complaint and that there was no error in denying defendant's motion to strike it from the files. The parties still remained the same and the subject matter of the litigants remained the same, and the issue still remained substantially the same between the parties as to what their contract had been and whether the defendant was trespassing and cutting timber where he had no right to do so under the contract.

Under the statute of this state (sec. 4229, Rev. Codes) and the rule which has been adopted thereunder, great liberality is allowed in the amendment of pleadings. (*Murphy v. Rus-*

*sell & Co.,* 8 Ida. 133, 67 Pac. 421; *Kindall v. Lincoln Hdw. Co.,* 10 Ida. 13, 76 Pac. 992; *Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Dunbar v. Griffiths,* 14 Ida. 120, 93 Pac. 654; *Harrison v. Russell & Co.,* 17 Ida. 196, 105 Pac. 48; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Humphreys v. Idaho Gold Min. Co.,* 21 Ida. 126, 120 Pac. 823.) This matter was addressed to the sound legal discretion of the trial court, and there was no abuse of that discretion in allowing the amendment in this case.

It is next contended by appellant "that plaintiff did not establish beyond a reasonable doubt by clear, satisfactory and convincing evidence that there was a mutual mistake in reducing the contract to writing," and that, therefore, the court erred in finding that a mistake had been made and in entering judgment for a reformation of the contract. Appellant contends that in such cases the rule is that before a reformation can be had on the ground of mutual mistake that the "mistake must appear beyond a reasonable doubt."

Counsel cites something like a hundred authorities in support of this contention. We are not going to review these authorities or again enter into any extended discussion of this question. This court has adopted and followed a different rule in such cases. This proposition was advanced in *Morrow v. Matthew,* 10 Ida. 423, 79 Pac. 196, and the court went into the question at some length and discussed the origin of the rule. It was there pointed out that the rule was first adopted by courts of chancery when the evidence was taken before a master and the witnesses did not appear before the court. Attention was also called to the other rule which has been adopted by the courts and which in this state has been crystallized into statute (sec. 4824, Rev. Codes), that where witnesses appeared and testified before the court and the court has seen and had the opportunity of observing the witnesses in the case, the findings and judgment of the court upon conflicting evidence will not be disturbed if there is any substantial evidence to support the judgment. Among other things, this court said:

"Where, however, the record discloses such facts that a fair and reasonable person might conclude therefrom as to the execution, terms and conditions of the contract, I do not see how an appellate court is justified in saying that it did not appear clearly and satisfactorily to the trial court. Evidence entirely clear and convincing to the trial court who saw and heard the witnesses might, when in cold type upon the record, leave doubts in the minds of the members of the appellate court, but I do not think they should reverse the judgment on such grounds. The rule is one by which the trial court primarily weighs the evidence, and unless substantially departed from by him in arriving at his decision should not become one of original application on appeal." (See discussion in *Southard v. Curley,* 134 N. Y. 148, 30 Am. St. 642, 31 N. E. 330, 16 L. R. A. 561.)

Substantially the same rule that was adopted in the Morrow case has been followed by this court in a number of other cases. (*Commercial Bank v. Lieuallen,* 5 Ida. 47, 46 Pac. 1020; *Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719; *Robbins v. Porter,* 12 Ida. 738, 88 Pac. 86.) Since the decision in the Morrow case, the legislature amended sec. 4824 of the Revised Statutes of 1887 by adding the proviso now contained in that section as it appears in the Revised Codes, and reading as follows: "Provided, that whenever there is substantial evidence to support a verdict the same shall not be set aside." The proviso makes no distinction among civil cases but applies to all civil actions alike. In this connection it must also be remembered that a jury may be called to pass on the facts in an equity case as well as a law case.

The evidence in this case was sufficient to support the findings and decree of the court. It is apparent from all the evidence in the case and the circumstances surrounding it that respondent did not sell to appellant all the dry wood and cedar on two whole sections of land for $100, and it is equally evident to us that neither party so understood it at the time the contract was executed. On the contrary, the evidence strongly supports the contention made by respondent that it was the understanding and intention of both parties that the sale of dry wood and

cedar by respondent to appellant was to be confined to and cover the tract of land owned by the respondent and lying north of the railroad track, that is, north of the line of track of the Idaho & Washington Northern Railroad. That some mistake was made in the description is manifest when attention is called to the fact that as the description appeared in this written contract it contained some land that the respondent did not own or control.

It is next contended by the appellant that "if the evidence discloses that there was a mutual mistake in reducing the contract to writing, the plaintiff was so negligent in making and signing the contract that it was not entitled to have the contract reformed." It is argued by appellant that "courts of equity will not relieve parties from the consequences of their own folly or assist them when their condition is attributable to their failure to exercise ordinary care for their own protection." This, we think, is the correct principle of equity jurisprudence and is well supported by the authorities, which appellant has cited in this connection. (*Houser v. Austin,* 2 Ida. 188, 10 Pac. 37; *Persinger v. Chapman,* 93 Va. 349, 25 S. E. 5; *Marshall v. Westrope,* 98 Iowa, 324, 67 N. W. 257; *Kimmell v. Skelly,* 130 Cal. 555, 62 Pac. 1067; *Robertson v. Smith,* 11 Tex. 211, 60 Am. Dec. 234; *Roundy v. Kent,* 75 Iowa, 662, 37 N. W. 146; *Farnsworth v. Duffner,* 142 U. S. 43, 12 Sup. Ct. 164, 35 L. ed. 931; *Roemer v. Conlon,* 45 N. J. Eq. 234, 19 Atl. 664; *Great West Mfg. Co. v. Adams,* 176 Fed. 325, 99 C. C. A. 615; *Griel v. Tillis,* 170 Ala. 391, 54 So. 524; *Perkins v. Herring,* 110 Va. 822, 67 S. E. 515, 19 Ann. Cas. 342; *Webster v. Starke,* 78 Tenn. 406; *Rushton v. Hallett,* 8 Utah, 277, 30 Pac. 1014; *Kinney v. Ensminger,* 87 Ala. 340, 6 So. 72; *Cape Fear Lbr. Co. v. Matheson,* 69 S. C. 87, 48 S. E. 111; *Metropolitan Loan Assn. v. Esche,* 75 Cal. 513, 17 Pac. 675; *Haggerty v. McCanna,* 25 N. J. Eq. 48.)

The foregoing, as a rule, however, must be administered with some judgment and discretion and a degree of flexibility. Most mistakes arise out of some degree of negligence. It is impossible, therefore, to fix any inflexible rule to determine the amount of negligence necessary to deprive a party of re-

lief in a court of equity on account of mistake. This, it has been said, is peculiarly applicable as between the immediate parties to the transaction. If a mistake has been mutual, the fact that the party who is to be injured thereby, if the mistake be not corrected, was negligent in making the mistake, ought not to prevent a court of equity from correcting it, unless the mistake was wilful or fraudulent on his part and done with a view to injuring or damaging the other party. No such question as that arises in the present case. If, on the other hand, the mistake was known at the time to the party who was to benefit thereby and unknown to the party who was to suffer thereby, even though the latter was negligent, the guilty party should not be allowed to profit thereby. It would then be fraud for which courts grant relief. An examination of the authorities will disclose that the rule for which appellant contends has never been applied with the same strictness and severity to *mistakes in description* as it has been applied to *other mistakes of substance.* (See *Rosebaum v. Evans,* 63 Wash. 506, 115 Pac. 1054; *Lewis v. Welland,* 62 Wash. 590, 114 Pac. 455; *Kern River Co. v. Los Angeles,* 164 Cal. 751, 130 Pac. 714; *Morrison v. Collier,* 79 Ind. 417; *James v. Cutler,* 54 Wis. 172, 10 N. W. 147; *De Ford v. Mercer,* 24 Iowa, 118, 92 Am. Dec. 460.)

The judgment should be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan and Stewart, JJ., concur.