(November 3, 1923.)

OLIVER K. EXUM et al., Respondents, v. PORTNEUF–MARSH VALLEY IRRIGATION COMPANY, Defendant, and PORTNEUF–MARSH VALLEY CANAL COMPANY, Appellant.

[220 Pac. 112.]

WRITTEN CONTRACT — REFORMATION — MUTUAL MISTAKE — ORAL TESTIMONY TO ESTABLISH—EVIDENCE CLEAR AND SATISFACTORY—VERDICT OR DECISION—WHEN NOT TO BE SET ASIDE.

1. A deed or other written contract may be reformed when it is shown by evidence clear and satisfactory that owing to a mutual mistake of the parties it does not express their intention.

2. Parol evidence is admissible to prove that by reason of a mutual mistake of the parties a written instrument does not truly express their intention.

3. The rule that when there is substantial evidence to sustain the verdict or decision it shall not be set aside applies to an action to reform a deed or other written contract as well as to other civil actions.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action to reform deed. Judgment for plaintiffs. Defendant Portneuf-Marsh Valley Canal Company appeals. *Affirmed.*

McDougall, McDougall & McDougall, for Appellant.

The evidence of mutual mistake must be so clear and satisfactory as to leave no fair and reasonable doubt that the writing does not correctly embody the real intention of the party. A mere preponderance of the evidence will

Publisher's Note.

1. Mistake as to intention of parties as ground for reformation of instrument, see notes in 3 Ann. Cas. 444; 28 L. R. A., N. S., 900.

2. Mistake as exception to rule excluding parol evidence to vary written contracts generally, see note in 17 L. R. A. 272.

not suffice and the burden of proof is upon the party alleging the mutual mistake. (*Houser v. Austin,* 2 Ida. 204, 10 Pac. 37; *Panhandle Lumber Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558; *Bowers v. Bennett,* 30 Ida. 188, 164 Pac. 93; *Bliss Townsite Co. v. Morris-Roberts Co.,* 33 Ida. 110, 190 Pac. 1028; *Udelavitz v. Ketchen,* 33 Ida. 165, 190 Pac. 102; *Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563; *R. M. Cobban Realty Co. v. Chicago etc. Ry. Co.,* 52 Mont. 256, 157 Pac. 173; *Harding v. Robinson,* 175 Cal. 534, 166 Pac. 808.)

An instrument cannot be reformed which is unambiguous in its terms to relieve a party from a mistake as to the legal effect of the instrument. (3 Jones' Blue Book on Evidence, sec. 437a, p. 171.)

D. W. Standrod and J. B. Bacon, for Respondents.

Parol evidence is always admissible to establish the fact of fraud or of mistake and in what it consisted, and to show how the writing should be corrected to conform to the agreement or intention which the parties actually made or had. (10 R. C. L. 306, 1018, 1060; 23 R. C. L. 324, 366; *Whitmore v. Hay,* 85 Wis. 240, 39 Am. St. 838, 55 N. W. 708; *Griffith v. Townley,* 69 Mo. 13, 33 Am. Rep. 476.)

DUNN, J.—About February, 1915, the respondents, who were the owners of Lots 3 and 4 and the N. ½ NW. ¼, Sec. 23, Tp. 9 S., R. 37 E., B. M., conveyed to the appellant company an easement, giving said company the right to overflow a portion of said lands. This conveyance grew out of a controversy that had arisen between said parties after the predecessor of said company had constructed a dam in the Portneuf River for the purpose of impounding the waters thereof for the irrigation of certain lands in the vicinity of Downey, Idaho, when it was found that the dam backed up the waters of the reservoir over a considerable portion of the lands of respondents. After the right acquired by the deed had been exercised by appellant for a

number of years, the respondents entered into a contract to sell their land and upon examination of the abstract of title they discovered that the deed of conveyance did not accurately describe the land that was to be flooded according to the agreement between the respondents and appellant. Respondents requested of the Canal Company a correction of the error in the deed of conveyance which the company refused to make, and thereupon this action was brought to reform the deed, it being claimed by the respondents that, owing to a mutual mistake of the parties, said deed failed to express the agreement intended by said parties. The case was tried before the court, and after making findings of fact and conclusions of law, sustaining the contentions of the respondents, the court entered judgment reforming the deed as prayed for.

The Portneuf-Marsh Valley Canal Company appealed from the judgment. Its assignments of error go first to the introduction of oral testimony as to the agreement between the parties with reference to the land to be flooded, the insufficiency of the evidence to sustain certain findings of fact and conclusions of law, and the alleged error of the court in entering judgment for respondents.

A deed or other written contract may be reformed when it is shown by evidence clear and satisfactory that owing to a mutual mistake of the parties it does not express the intention of such parties. (*Udelavitz v. Ketchen et al.*, 33 Ida. 165, 190 Pac. 102; *Bowers v. Bennett*, 30 Ida. 188, 164 Pac. 93; *Panhandle Lumber Co. v. Rancour*, 24 Ida. 603, 135 Pac. 558.) The above decisions of this court also hold that parol evidence is admissible to prove that by reason of a mutual mistake of the parties a written instrument does not truly express their intention. Cases almost without number from the highest courts of other states might be cited to the same effect on both of these points.

The rule that in order to reform a written instrument the evidence of mutual mistake must be clear and satisfactory is one to be applied in the first instance by the trial judge who sees and hears the witnesses and is charged

with the duty of weighing their testimony. If the record contains evidence sustaining the decision of the trial judge that may fairly be said to comply with the requirement that the proof shall be clear and satisfactory, the appellate court may not substitute its judgment for that of the trial court. The rule that when there is substantial evidence to support the verdict or decision it shall not be set aside applies to this kind of case as well as to other civil actions. (*Panhandle Lumber Co. v. Rancour, supra.*)

In this case the record shows practically without contradiction that when respondents' lands were so overflowed respondents and representatives of appellant, after considerable negotiation, agreed that appellant should have its engineer survey the lands flooded to ascertain the exact area, and that appellant would then pay respondents the sum of $40 per acre for the perpetual right to flood such lands, and also would pay respondents for the damage done to their crops during the two years preceding the settlement. It shows also that pursuant to this agreement appellant did have the lands surveyed and a map thereof made showing the flooded area to be 43.5 acres. It also shows that after the map of the survey had been made respondents met the representatives of appellant at appellant's office at Downey, and, with the map made under appellant's direction and by its engineer before them, respondents accepted the estimate of appellant's engineer as correct, and that thereupon payment was made by appellant to respondents of the sum of $1,957, $1,740 thereof being for the right to flood said 43.5 acres of land and $217 thereof being crop damage for the two years preceding.

It is the contention of appellant that the deed in controversy is clear and unambiguous and grants to appellant the perpetual right to flood the entire 160 acres of land belonging to respondents. An examination of the deed shows that it is not by any means clear just what area may lawfully be flooded by appellant. It is, however, perfectly clear from the record that if it was the intention of the parties that respondents should sell and that appellant

should buy the right to flood the entire tract, then there was no reason whatever for surveying the flooded area and making a map thereof. In that case the deed would simply have provided for the right to flood the entire quarter section.

Appellant claims that it had no knowledge whatever of the agreement that resulted in the execution of the deed, but the record shows that appellant was operating the irrigation system for several years before the execution of the deed, that complaint was made to it of the flooding of respondents' lands and that it referred the matter to one Ware, who was then the engineer in charge, and it may be fairly concluded from the evidence that it was fully cognizant of all the negotiations leading up to the deed.

An examination of the record shows the assignments of error to be without merit. The evidence of mutual mistake of the parties is clear and satisfactory, and the court did not err in entering a judgment reforming the deed.

The judgment is affirmed, with costs to respondents.

Budge, C. J., and McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.