## No. 13,390.

ANTONIOLI *v.* ARLIAN ET AL.

(45 P. [2d] 174)

Decided April 22, 1935. Rehearing denied May 6, 1935.

514

Mr. Frank Delaney, Mr. William R. Shaw, for plaintiff in error.

Mr. C. W. Darrow, Mr. C. H. Darrow, Mr. W. J. Meehan, for defendants in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

Plaintiff in error, Cassie Antonioli, as petitioner below, instituted this proceeding against defendants in error, the two Arlians, respondents below, for change of point of diversion of certain decreed water, taken or utilized by diversion thereof from Little Woody Creek, in Pitkin county, Colorado. It seems that the trial court proceeded on the assumption—shared by the parties themselves—that this application was made, not to affirm a previously rendered decree, but to obtain a decree authorizing a change thereafter to be made, although the record seems to be that theretofore the change asked for was, as matter of fact, made by Frederick Clavel, the original builder and owner of the ditch, in 1904, and until the present time water has been so diverted and carried. This apparent inconsistency in the pleadings, however, is not important in view of the conclusion we have reached in this controversy, and the parties themselves take the same view.

The printed briefs of the parties on this review and

the special findings and decree of the trial court which are brought up in the transcript have been carefully read. The parties are substantially in accord as to the issues of law involved. They differ, however, as to the facts to which the law is to be applied. Whether the proposed change of point of diversion will injuriously affect the respondents, who assert it would have that effect, was submitted to the trial court upon evidence more or less conflicting, and resolved in favor of respondents. Decree in conformity with the finding was entered.

██ Our reading of this record—not merely that which is reproduced in the printed abstract, but also in the transcript—reveals that the findings of fact as made by the trial judge find ample support in the evidence. We, therefore, are unable to escape the conclusion that his findings of fact and the resulting decree may not be set aside on this review. The trial judge, sitting as a trier of facts, heard the testimony of the many witnesses who were produced and was in better position than we are to make findings of fact based largely upon their testimony.

In his findings, upon which the decree was based, the trial judge said that the petitioner, who is the plaintiff in error here, failed to establish that the change in point of diversion sought by her in this proceeding, can be made without injuriously affecting the vested rights of others, and particularly the vested rights of protestants; and upon such findings refused to grant the relief prayed.

There is some inconsistency between the opening statement of counsel for plaintiff and the pleadings themselves as to the real issues involved. The trial judge, however, said that the case was tried as an action to change the point of diversion of decreed water, and not as an action to confirm a previously rendered decree. It would serve no useful purpose to reproduce the specific findings of fact as made by the trial judge which have been brought up in this record.

██ In addition to the foregoing it is pertinent fur-

516

ther to say that upon the record, as made by the pleadings and the evidence, the trial court's findings of fact thereon are sustained by the evidence produced in behalf of the defendants in error. The judgment is affirmed.

Mr. Chief Justice Butler and Mr. Justice Hilliard concur.