535 P.2d 661

**George LAYH and Karleen J. Layh, husband and wife, Plaintiff-Appellants,**

**v.**

**Robert JONAS and Continental Life & Accident Company, Defendant-Respondents.**

**No. 11338.**

Supreme Court of Idaho.

April 16, 1975.

Rehearing Denied June 10, 1975.

David W. Cantrill of Derr, Derr, Walters & Cantrill, Boise, for plaintiffs-appellants.

Edith Miller Klein of Langroise, Sullivan & Smylie, Boise, for defendants-respondents.

SHEPARD, Justice.

Plaintiff-Appellants Layh sought reformation of a medical insurance policy alleging that fraudulent representations had been made by the insurance agent which induced them to enter into the contract. This appeal is from summary judgment sought by and granted to defendant-respondents Continental Life and Accident Company, and Jonas. We reverse and remand.

At the outset we note that on appeal from a summary judgment, the party against which summary judgment is rendered is entitled to have all facts liberally construed and all doubts resolved in its favor. Schaefer v. Elswood Trailer Sales, 95 Idaho 654, 516 P.2d 1168 (1973). Herein the facts are recited in conformity with that rule.

On February 1, 1970 Karleen Layh had a heart condition which would necessitate surgery. At that time defendant-respondent Robert Jonas was the agent for Continental Life and Accident Company which had previously in 1962 issued a group medical insurance policy to the Idaho Employer's Council, Inc. It is alleged that Jonas assured the Layhs that Continental's policy would pay all costs of treatment for the pre-existing heart condition and upon that assurance the Layhs enrolled in Continental's group medical insurance program.

In March 1970 Karleen Layh underwent surgery necessitated by the pre-existing heart condition and sought payment of those costs. Continental refused to pay for the costs of treatment beyond the basic benefits of the policy, plus a $500 limit that the written policy placed on pre-existing conditions. Continental however, did pay the sum of $2,572.50 to the Layhs as benefits. The Layhs then brought the instant action seeking a reformation of the written insurance policy to the end that the limitation on pre-existing conditions be deleted. Facts were developed by way of depositions and other documents and thereafter summary judgment was sought against the Layhs.

The trial court in ruling upon the motion found that there was a conflict on all of the elements of fraud, which conflict would preclude summary judgment, except the element of damage or injury. As to that element the facts indicated that the Layhs had contributed $688.14 in premiums during the period of time when the coverage was in force. Of that amount more than $100 was attributable to life insurance. As to the medical aspect of the policy the facts indicated that Continental had paid $2,572.50 as medical benefits during the time the policy was in force. The trial court therefore held that the Layhs had received more in benefits than they had paid in premiums and they were therefore misled, if at all, to their benefit and had thus suffered no damage or injury.

Given the proper circumstances, the doctrine of reformation of instruments is well recognized in Idaho. Collins v. Parkinson, 96 Idaho 294, 527 P.2d 1252 (1974). However, no Idaho case specifically dealing with the reformation of an insurance policy has been brought to our attention. The application of the doctrine of reformation of instruments to insurance policies is well established in other jurisdictions. See generally 32 A.L.R.3d 661, 704–708. Heikes v. Farm Bureau Ins. Co., 181 Neb. 827, 151 N.W.2d 336 (1967); Lumbermen's Ins. Co. v. Heiner, 74 Ariz. 152, 245 P.2d 415 (1952); Noel v. Continental Casualty Co., 138 Kan. 136, 23 P.2d 610 (1933); Buck v. Mountain States Invest. Corp., 76 N.M. 261, 414 P.2d 491 (1966); Modica v. Hartford Accident & Indemnity Co., 263 Cal.App.2d 588, 46 Cal.Rptr. 158 (1965); Ohio Casualty Insurance Co. v. Callaway, 134 F.2d 788 (10th Cir. 1943); Portella v. Sonnenberg, 74 N.J.Super. 354, 181 A.2d 385 (1962).

This court recently stated in Nab v. Hills, 92 Idaho 877, 883, 452 P.2d 981, 987 (1969), quoting from McKelvie v. Hackney, 58 Wash.2d 23, 360 P.2d 746 (1961):

"When fraud induces a variance between a written contract and the agreement between the parties, the latter will prevail and the trial court is empowered to reform the written instrument to conform to the agreement."

█ Thus it would appear that upon a finding of fraudulent misrepresentation by the agent as alleged, the insurance policy should be reformed to eliminate the limitation upon the pre-existing heart condition of Mrs. Layh. The Layhs would thereafter be entitled to receive full coverage without the limitation on pre-existing conditions. It might be argued that looked at in this light the question of which measure of damages to apply becomes irrelevant. The problem with that theory is that it ignores the elements which this Court has previously laid down as necessary to be proven to support allegations of fraud and misrepresentation.

In the case of Nab v. Hills, *supra,* plaintiffs sought the foreclosure of a materialman's lien and the defendants raised the affirmative defense of fraud. The court found that the facts of the case justified treatment for reformation of the contract although such relief had not been sought. The court redefined the necessary elements of fraud including "(9) And his consequent and proximate injury." 92 Idaho at 883, 452 P.2d at 987. The court then went on to say:

"We are satisfied that all nine elements of fraud have been shown to exist by the evidence produced at trial. Nevertheless, the ninth element, 'injury,' merits further discussion. * * * We do not doubt that an action to recover monetary damage occasioned by fraud necessitates a showing of actual pecuniary damage, although what the proper measure of such damage may be, *is open to question.* Where, however, fraud is used defensively, or to support an action for rescission or reformation, proof of monetary damage is unnecessary. See Shrives v. Talbot, *supra.* [91 Idaho 338, 421 P.2d 133 (1966)] *What must be demonstrated is damage or injury as those words are used in their broader sense."* (Emphasis supplied)

The court then quoted from Stillwell v. Rankin, 55 Mont. 130, 174 P. 186 (1918):

" 'We prefer to adhere to the rule which gives to the term [damages] its broader significance, as including either pecuniary loss or *the alteration of one's position to his prejudice.* Fraud may result in injury which cannot be measured in dollars and cents * * *.' " (Emphasis in original)

Beyond that point the court in Nab v. Hills, *supra,* did not discuss the "damage or injury as those words are used in their broader sense." since in *Nab* the defendants had altered their position to their prejudice.

Respondent argues that irrespective of the law in other jurisdictions, Idaho has mandated the "out-of-pocket" rule in cases involving fraud. We do not agree. No case has been brought to our attention wherein Idaho has mandated the "out-of-pocket" rule as the measure of damages or injury to apply in cases involving reformation of a contract. Although oft cited, the case of Smith v. Neeley, 39 Idaho 812, 231 P. 105 (1924), did not involve reformation. We do not find such to be persuasive. The case of Weitzel v. Jukich, 73 Idaho 301, 251 P.2d 542 (1953), although not involving reformation, is heavily relied upon by respondents as supporting the "out-of-pocket" rule of damages in Idaho. In the case Mr. Justice Keeton in the "majority" opinion did indeed set out the rule but noted that no other member of the court concurred that such was an appropriate rule for Idaho. Thereafter the remaining four justices concurred in an opinion rejecting "the out-of-pocket rule" and stating that the benefit of the bargain rule should be

applied. As justification therefor it was stated:

> "The underlying principle is that the victim of fraud is entitled to compensation for every wrong which is the natural and proximate result of fraud. The measure of damages which should be adopted under the facts of a case is the one which will effect such result." 73 Idaho at 308, 251 P.2d at 546.

The facts in Shrives v. Talbot, 91 Idaho 338, 421 P.2d 133 (1966) are different than the case at bar in that there plaintiff sought rescission of a contract to buy real property because of fraud. Notwithstanding the evidence showed the property was worth the purchase price, the court there stated:

> "This court has often recognized the existence of a different measure of damages referred to as the 'benefit-of-bargain' rule, under which the damages allowed are the difference between the real value of the property purchased and the value which it would have had had the representations been true." 91 Idaho at 345, 421 P.2d at 140.

Thus in the case at bar the court is required to resolve the question of the measure of damages or injury where as here a written contract is sought to be reformed on the basis of alleged fraudulent misrepresentations in the inducement. We hold that the "benefit of the bargain rule" should be applied in such cases rather than the out-of-pocket rule. Considerations of policy as well as prior pronouncements of this court militate in favor of such decisions. Particularly in cases involving insurance policies we note that the out-of-pocket rule would permit a seller to make any representation however fraudulent, extravagant, or untrue and the policy holder would be without remedy insolong as benefits in excess of premium amounts were received by the policy holder.

We re-emphasize that we express no opinion on the merits of plaintiffs' cause but note that they must prove their cause for reformation by clear and satisfactory evidence, not a mere preponderance. Metropolitan Life Ins. Co. v. McClelland, 57 Idaho 139, 63 P.2d 657 (1936). Collins v. Parkinson, *supra.*

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion. Costs to appellants.

McQUADE, C. J., DONALDSON and BAKES, JJ., and SCOGGIN, D. J. (Retired), concur.