536 P.2d 1119

Lloyd PONSNESS, Plaintiff-Appellant,

v.

NEW YORK LIFE INSURANCE COMPANY, Defendant-Respondent.

No. 11573.

Supreme Court of Idaho.

June 20, 1975.

Charles H. Kimball, Coeur d'Alene, for plaintiff-appellant.

Samuel Eismann, Coeur d'Alene, for defendant-respondent.

1. *See* State v. Turner, 95 Idaho 206, 506 P.2d 103 (1973).

**770**

PER CURIAM.

Lloyd Ponsness, the appellant, instituted this action in magistrate's court to recover moneys alleged to be owed to him under a contract of insurance between Ponsness and the New York Life Insurance Company, the respondent. By his complaint, Ponsness alleged that he had purchased a medical and hospitalization insurance policy from the respondent, that the respondent's agent represented that the policy would cover the costs of treatment of pre-existing medical conditions without regard to the contractual limits of the policy, that he relied upon these representations when he purchased the coverage, that he had incurred expenses as a result of medical and hospital care for a pre-existing condition, and that the respondent had not compensated him for these costs. The respondent answered generally denying the allegations of the complaint and asserting that the company had compensated the appellant for costs of treatment for a pre-existing condition according to the contractual limitations for coverage of a pre-existing condition.

Pursuant to I.R.C.P. 56, the respondent moved for summary judgment on the grounds that the record did not establish a genuine issue as to a material fact and that the respondent was entitled to judgment as a matter of law. The magistrate granted the motion. The order granting summary judgment was appealed to the district court where it was affirmed. Ponsness appealed to this court.

The only issue raised on appeal is whether the district court erred when that court affirmed the magistrate court's order granting summary judgment. The essence of the lower courts' ruling is that the appellant be compensated according to the insurance contract without regard to certain representations regarding coverage for pre-existing medical conditions alleged to have been made by the respondent's agent.

Upon reviewing the record, we find that there is a genuine issue of a material fact as to whether the respondent's agent made any representations regarding coverage prior to the appellant's submission of his application for insurance. Affidavits submitted by the appellant and his wife establish that certain statements were made by the respondent's agent to the appellant's wife prior to the appellant's submission of his application for insurance. Genuine issues are presented as to the content of these statements and as to whether he relied on such statements in making his application for coverage. Thus, genuine issues of material facts are presented which can only be resolved by a trial. I.R.C.P. 56(c). See, Fairchild v. Olsen, 96 Idaho 338, 528 P.2d 900 (1974); Straley v. Idaho Nuclear Corp., 94 Idaho 917, 500 P.2d 218 (1972). *Compare*, Layh v. Jonas, 96 Idaho 688, 535 P.2d 661 (1975).

Summary judgment reversed; costs to appellant.