574 P.2d 913

**Floyd COLLINS and Irene Collins, husband and wife, Plaintiffs-Appellants,**

v.

**Ralph PARKINSON et al., Defendants,**

**Exie A. Soelberg, wife of E. J. Soelberg, Deceased, Defendant-Respondent.**

No. 12540.

Supreme Court of Idaho.

Feb. 1, 1978.

Alvin Denman of Denman, Reeves & Ohman, Idaho Falls, for plaintiffs-appellants.

William D. Faler of Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for defendant-respondent.

McFADDEN, Chief Justice.

This is the second appeal in this case. See *Collins v. Parkinson*, 96 Idaho 294, 527 P.2d 1252 (1974) [hereinafter *Collins I*]. See that opinion for a more detailed statement of the facts in this case. In *Collins I* this court reversed the judgment of the trial court and remanded the case for a new trial on the issue of mutual mistake on the part of Mrs. Exie Soelberg. The case was retried before the court, and following trial, findings of fact, conclusions of law and judgment were entered in favor of respondent, Exie A. Soelberg. We affirm the judgment of the trial court for the reasons hereinafter expressed.

Very briefly, *Collins I* involved three distinct land transactions. In the first, Floyd Collins and Irene Collins, the plaintiffs (herein appellants) purchased from Earl Soelberg (deceased) and Exie A. Soelberg, his wife and respondent herein, a parcel of land near the airport in Butte County which was the community property of the Soelbergs. In the second transaction, the Soelbergs contracted with Mr. and Mrs. Parkinson for purchase by them of another piece of the Soelberg real property. This contract was not recorded nor was the deed delivered. In the third transaction, the appellants, Mr. and Mrs. Collins, received a deed from the Soelbergs for another piece of the Soelberg real property, supposedly adjoining the first parcel conveyed by the Soelbergs to appellants. The deed in this third transaction actually included a portion of the land which the Soelbergs had previously contracted to sell to the Parkinsons. When this was discovered appellants instituted this quiet title action against the Soelbergs and the Parkinsons. The Soelbergs and Parkinsons counterclaimed to have the deed reformed to omit that portion of land from the deed to appellants which was covered by the Parkinson contract.

In the first action the trial court determined that appellant, Floyd Collins, gave to Mr. Soelberg, an attorney, the description for the property to be conveyed under the third transaction. Collins got this description from recorded instruments. The trial court found that because the Parkinson contract was unrecorded, the description given by Collins to Soelberg included a part of the Parkinson land, and when Soelberg prepared the deed which he and his wife executed and delivered to appellant Collins, this error was perpetuated in that deed. The court further found that neither Mr. Soelberg nor the appellants intended the description to include any part of the Parkinson land and that land had been included by mutual mistake. The trial court denied appellants their requested relief, reformed the deed to exclude the disputed land, and quieted title to that land in the Soelbergs subject to the Parkinson contract.

In the first appeal this court held that the trial court below properly applied the remedy of reformation for mutual mistake and that Mr. Soelberg had sustained his burden

of showing such mistake, but because there was no showing that respondent, Exie A. Soelberg, has participated in her husband's and appellants' mistake in the conveyance of the Soelberg community realty, the trial court's judgment was reversed and the case remanded on the issue of the respondent's mutual mistake.

After trial before the district court, the court held adversely to appellants, from which judgment this appeal is perfected.

The appellants have assigned numerous errors to the action of the trial court in its findings of fact, conclusions of law and judgment. First the appellants contend that the trial court erred in sustaining respondent's objections to certain questions asked by appellants' attorney in the deposition of Exie A. Soelberg, and also in overruling appellants' objections to certain questions propounded to respondent by her attorney in the same deposition. Appellants also assign error to the refusal of the trial court to sustain an objection to a question asked of respondent during her testimony at trial.

■ It is the conclusion of the court that the trial court erred in its rulings on the objections to admission of portions of respondent's deposition. When appellant moved to admit the deposition, respondent objected to the question, "Now if any mistake was made in any of these documents it was made by Earl, was it not?" and four similar questions on the ground that they called for an ultimate conclusion. The court sustained the objections. We do not believe these deposition questions called for an ultimate conclusion; they therefore should not have been excluded on this ground. But because respondent gave at trial substantially the same testimony as

was erroneously excluded, appellant was not prejudiced by the error. Because the court's error was therefore harmless, we decline to modify the judgment below on the basis of this error. I.R.C.P. 61.

■ Appellants objected to respondent's counsel leading his witness on cross examination under the deposition. Such an objection goes to the form of the question and, under I.R.C.P. 32(d)(3)(B),[1] is waived unless made at the deposition. Because appellants failed to state their objections at the time of the taking of the deposition, their objections were waived. See *Nutterville v. McLam*, 84 Idaho 36, 367 P.2d 576 (1961) (construing former Rule 32(c)(2), now I.R.C.P. 32(d)(3)(B)).

■ Appellants also assert that the court erred when it overruled their objection to the following question as leading:

"Would you have signed that quit claim deed had you known that [the description in it is what it is]?"

The law is well settled that a question is leading when it suggests to the witness the answer sought. I.R.C.P. 43(b)(2).[2] We do not find that the question asked of respondent suggested the answer sought. It was therefore not a leading question. Thus we conclude that the trial court did not err in its rulings concerning the deposition nor the question submitted to respondent at trial.

■ The appellants assign error to certain of the trial court's findings of fact. Appellants apparently claim that respondent must establish any mutual mistake by "clear and satisfactory evidence" and that the record discloses that she failed to establish proof in that regard. As pointed out, a party seeking reformation of an instrument bears a heavy burden of proof.

---

1. I.R.C.P. 32(d)(3)(B), provides:

"Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties, and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition."

2. "Rule 43(b)(2). Leading questions.—A question which suggests to the witness the answer which the examining party desires is denominated a leading or suggestive question. On direct examination leading questions are not allowed, except in the sound discretion of the court, under special circumstances, making it appear that the interests of justice require it. A party may interrogate any unwilling or hostile witness by leading questions."

"The evidence must be clear and satisfactory, leaving but little, if any, doubt of the mistake. It must be made out by the clearest and most satisfactory testimony, such as to leave no fair and reasonable doubt on the mind that the writing does not correctly embody the real intention of the parties. A mere preponderance of the evidence will not suffice, and the burden of proof is on the party alleging the mutual mistake." *Udelavitz v. Ketchen,* 33 Idaho 165, 168, 190 P. 1029, 1030 (1920).

Whether the complaining party meets this burden is a question generally for the trial court. As we stated in *Exum v. Portneuf-Marsh Valley Irrig. Co.,* 38 Idaho 155, 157–58, 220 P. 112, 113 (1923),

"The rule that in order to reform a written instrument, the evidence of mutual mistake must be clear and satisfactory, is one to be applied in the first instance by the trial judge who sees and hears the witnesses and is charged with the duty of weighing their testimony. If the record contains evidence sustaining the decision of the trial judge that may fairly be said to comply with the requirement that the proof shall be clear and satisfactory, the appellate court may not substitute its judgment for that of the trial court. The rule that, when there is substantial evidence to support the verdict or decision, it shall not be set aside, applies to this kind of case as well as to other civil actions."

See I.R.C.P. 52(a); *Ballard & Family Achievement Institute v. Lava Hot Springs Resort, Inc.,* 97 Idaho 572, 548 P.2d 72 (1976) (allegation that legal title holder holds as trustee must be shown by clear and convincing evidence); *Idaho First Nat'l Bank v. First Nat'l Bank of Caldwell,* 81 Idaho 285, 340 P.2d 1094 (1959); *Claunch v. Whyte,* 73 Idaho 243, 249 P.2d 915 (1952)

(finding that donee had shown gift by clear and substantial evidence held clearly erroneous).

■ In this case the lower court had before it respondent's trial testimony as well as her pretrial deposition. Her consistent testimony on both occasions supports the findings of the district court. Furthermore, respondent's statements are consistent with evidence introduced at the original trial concerning the circumstances of the deed's preparation and execution. The record shows that the court applied the proper burden of proof to the evidence introduced by respondent. Under these circumstances we find no error.

■ Appellants contend that the trial court erred in concluding that E. J. Soelberg was the agent of Exie A. Soelberg in all matters concerning the real property owned by the parties in Arco, Idaho, a part of which was involved in this controversy, and that as such agent he handled all matters concerning such property for Exie A. Soelberg, and that, as a result, the mistake made by Mr. Soelberg in the quit claim deed was the mistake of Exie A. Soelberg. Appellants argue that there is nothing in the record to suggest an express agency between respondent and her husband.[3]

On the contrary, this court finds ample support in the record for the lower court's conclusion that E. J. Soelberg acted as respondent's agent in the transaction involved in this case. The record shows that, over the course of several years, respondent's husband, an attorney, managed all aspects of the community realty with respondent's approval. Respondent testified that she signed the deed in question when presented to her and relied on her husband's representations as to the document's contents, just as she had other papers concerning the com-

---

**3.** Appellants also argue that I.C. § 32–912, which permits one spouse to give the other an express power of attorney to convey or encumber community realty, is to be construed by the maxim, "Expressio unius est exclusio alterius." "The expression of one thing is the exclusion of the others." *See Clayton v. Barnes,* 52 Idaho 418, 16 P.2d 1056 (1932). If this maxim is

applied, an apparent or implied agency could not exist in this case. In *Noble v. Glenns Ferry Bank, Ltd.,* 91 Idaho 364, 421 P.2d 444 (1966), we explicitly rejected appellants' argument, holding that I.C. § 32–912 does not proscribe creation of other than express interspousal agencies.

munity realty. This testimony supports the trial court's conclusion that E. J. Soelberg was respondent's agent in this transaction and that, therefore, his mistake may be imputed to her.

We find also unpersuasive appellants' other arguments against the trial court's conclusions of law. That court's findings of fact on remand, considered in light of our holdings in *Collins I,* compel the conclusion that the trial court properly granted the reformation.

In appellants' final assignment of error, appellants claim that respondent should have been refused relief for her negligence in failing to discover her mistake. Appellants argue the rule that "courts of equity will not relieve parties from the consequences of their own folly, or assist them when their condition is attributable to their failure to exercise ordinary care for their own protection," *Panhandle Lumber Co. v. Rancour,* 24 Idaho 603, 611, 135 P. 558, 560 (1913), should be applied in this case.

We find no merit in this assignment. First, we note that appellants themselves submitted the erroneous description in the deed to Mr. Soelberg, who prepared the deed on his behalf and on behalf of his wife. Thus, if respondent was negligent, she was no more negligent than appellants. Secondly, we repeat this court's statement in *Panhandle Lumber, supra,* concerning the aforementioned equity rule:

"The foregoing, * * * must be administered with some judgment and discretion and a degree of flexibility. Most mistakes arise out of some degree of negligence. It is impossible, therefore, to fix any inflexible rule to determine the amount of negligence necessary to deprive a party of relief in a court of equity on account of mistake. This, it has been said, is peculiarly applicable as between immediate parties to the transaction. If a mistake has been mutual, the fact that the party who is to be injured thereby, if the mistake be not corrected, was negligent in making the mistake, ought not to prevent a court of equity from correcting it, unless the mistake was wilful or fraudulent on his part and done with a view to injuring or damaging the other party. * * * [Furthermore, a]n examination of the authorities will disclose that the rule for which appellant contends has never been applied with the same strictness to *mistakes in description* as it has been applied to *other mistakes of substance.*" *Panhandle Lumber Co. v. Rancour,* 24 Idaho at 611–12, 135 P. at 560.

From full examination of the record we find no error and the judgment of the trial court is affirmed. Costs to respondent.

SHEPARD, DONALDSON, BAKES and BISTLINE, JJ., concur.