**In re the MARRIAGE of Patricia A. DEINES, Appellee,**

**and**

**Eugene H. Deines, Appellant.**

**No. 79CA0390.**

Colorado Court of Appeals, Div. II.

Feb. 28, 1980.

Fischer & Wilmarth, Stephen E. Howard, Fort Collins, for appellee.

Wolfe, Griffith & Beach, Otis W. Beach, Fort Collins, for appellant.

BERMAN, Judge.

Eugene Deines (husband) appeals from the judgment of the trial court which reformed the separation agreement entered into between him and Patricia Deines (wife) and ordered payment of $500 towards wife's attorney's fees. We affirm.

In January of 1977, after 27 years of marriage, wife filed a petition for dissolution of marriage. At that time the parties agreed to divide the marital property equally, and had an attorney draw up a separation agreement. A draft of the agreement was sent to husband in Nebraska where he was working from January to May of 1977. In April of 1977, he returned to Colorado for a short visit and informed wife that he would not accept the proposed agreement. Because of the shortness of time before husband returned to Nebraska, the parties contacted a lawyer and hastily drew up a new agreement, which they both subsequently signed. Later that day, wife discovered an arithmetical error which would have resulted in husband receiving $32,300 and wife receiving $17,752, instead of the equal division the parties had intended. After being informed of the error, husband orally agreed to equalize the property division by a cash payment. However, he failed to make such a payment, and this refusal precipitated the present controversy.

At trial, the court held that the separation agreement was not unconscionable, but that there had been a mutual mistake in the division of the marital assets. Accordingly,

the court reformed the contract, and ordered husband to pay $7,274 to wife in order to equalize the division. The court also ordered husband to pay $500 towards wife's attorney's fees.

On appeal, husband, citing C.R.C.P. 8(c), contends that his answer asserted the validity of the separation agreement, and that the theory of mutual mistake advanced by wife at trial constituted an affirmative defense which she waived by her failure to raise this defense in a reply. Consequently, he maintains that the trial court erred in considering this defense. We disagree.

■ Dissolution proceedings, which are commenced according to the Colorado Rules of Civil Procedure, require the filing of a petition, and permit the filing of an answer. Section 14–10–107(1), (2) and (4), C.R.S. 1973 (1978 Cum.Supp.). Under the rules, a reply is not required, C.R.C.P. 7(a), and "[a]verments in a pleading to which no responsive pleading is required shall be taken as denied or avoided." C.R.C.P. 8(d). Hence, the petition and answer placed the issue of mutual mistake to avoid the agreement before the court, and wife was not obligated to raise this defense in a reply. *Davis v. Bonebrake*, 135 Colo. 506, 313 P.2d 982 (1957); C.R.C.P. 8(d). Therefore, the court did not err in considering this issue or in admitting parol evidence relative to it.

Husband next contends that under § 14–10–112, C.R.S. 1973 (1978 Cum.Supp.) the court was limited to two alternatives: either the court could find the separation agreement unconscionable, and set it aside, or it could find it not unconscionable, in which case it would be binding upon the court. As the court found the agreement was not unconscionable, husband argues that the court exceeded its authority under the statute by reforming the agreement. We reject this contention.

■ We note first that a separation agreement is a contract between the parties. *Jekot v. Jekot*, 32 Colo.App. 118, 507 P.2d 473 (1973). While we agree that absent a finding of unconscionability, a separation agreement is binding, nevertheless, this presupposes that the agreement accurately expresses the true intent of the parties. In the instant case, the court found that the parties intended to divide the marital assets evenly, but that the written separation agreement failed to reflect this intent. Therefore, the separation agreement based as it was upon a mutual mistake, was subject to reformation, and the court correctly exercised its equitable powers and reformed the agreement to reflect the true intent of the parties. *Atchison v. City of Englewood*, 193 Colo. 367, 568 P.2d 13 (1977). After the reformation was effected, the dictates of § 14–10–112, C.R.S. 1973 (1978) Cum.Supp.) came into force and the agreement, which the court found not unconscionable, was binding. Thus, we hold that a court may determine whether a written separation agreement accurately expresses the intent and agreement of the parties, and exercise its equitable powers where necessary before § 14–10–112, C.R.S. 1973 (1978 Cum.Supp.) becomes applicable.

■ Raising the issue of sufficiency of the evidence, husband argues that the court's finding of mutual mistake was not supported by the evidence adduced at the hearing. The issue of mutual mistake is ordinarily a question of fact, *Campbell v. Republic Indemnity Co.*, 149 Cal.App.2d 476, 308 P.2d 425 (1957), and fact findings made by the trial court sitting as the trier of fact and based upon the conflicting testimony of witnesses will not be set aside where supported by the evidence. *Antonioli v. Arlian*, 96 Colo. 513, 45 P.2d 174 (1935). Here, the trial court's finding of mutual mistake was supported by the record, and thus, we will not disturb such findings on review.

■ Husband finally argues that the court erred in awarding $500 in attorney's fees to wife. He points out that the court's order stated that "[t]he other terms of the agreement shall be binding . . ." and argues that therefore the provision in the agreement that each party would be responsible for one-half of the attorney's fees and costs incurred in bringing the action, should govern with respect to this issue. We disagree.

In support of this position, husband cites *Irwin v. Irwin*, 150 Colo. 261, 372 P.2d 440 (1962) for the proposition that where the duties of the parties are defined by contract, the court cannot impose new obligations. This factual situation, however is more closely analogous to that of *Lay v. Lay*, 162 Colo. 43, 425 P.2d 704 (1967). In *Lay*, the contract provided that each party would bear his or her own attorney's fees. The husband attempted to enforce this provision in an action to modify the final decree of the court. The court held that in originally agreeing on attorney's fees, the parties did not contemplate efforts to modify the agreement after the final decree, and upheld the trial court's award.

Here, however, the parties, agreement to split attorney's fees in April of 1977 warrants the inference that they contemplated a swift judicial proceeding. They did not anticipate the subsequent course of litigation that culminated in a trial on February 22, 1979. Under these circumstances, the court's order regarding attorney's fees was a sound exercise of its discretion, and will not be disturbed. *Lay, supra*; § 14–10–119, C.R.S. 1973 (1978 Cum.Supp.).

Judgment affirmed.

PIERCE and RULAND, JJ., concur.