695 P.2d 409

**MUTUAL OF ENUMCLAW INSURANCE COMPANY, a corporation, Plaintiff-Appellant,**

**v.**

**WOOD BY–PRODUCTS, INC., a corporation, Eddie Lee Lupinacci, Frank Lupinacci, Odetta M. Ward and Dorothy Kelby, and Transit Casualty Company, Defendants-Respondents.**

**No. 14842.**

Court of Appeals of Idaho.

Nov. 16, 1984.

Jerry V. Smith, of Lewiston, for plaintiff-appellant.

James W. Givens, of Lewiston, for defendant-respondent Wood By-Products, Inc.

Daniel W. O'Connell and Loren J. Eddy, of Ware, Stellmon, O'Connell & Stellmon, Lewiston, for defendant-respondent Transit Casualty Company. Mr. Givens and Mr. Eddy argued.

WALTERS, Chief Judge.

Mutual of Enumclaw appeals from a declaratory judgment determining that a 1967 International dump truck owned by Wood By-Products, Inc., was covered by a policy of insurance issued to an affiliated company, Zirbel Transport, Inc. Mutual of Enumclaw asserted that there was no coverage, in part because the property listed in the policy included a 1959 International truck but not the 1967 truck. The case was submitted to the trial judge on stipulated facts, depositions of witnesses and exhibits to the depositions. It was undisputed that the 1959 truck was inoperable and that the owner had not intended to insure it. The district judge reformed the insurance contract upon finding a mutual mistake of fact concerning the two trucks. The court substituted the unlisted 1967 truck for the listed 1959 truck. Further, the court held that the insurance policy issued to "Zirbel Transport, Inc. et. al." provided coverage for vehicles titled to Wood By-Products, Inc., even though Wood By-Products was not named as an insured. Finally, the court found that a different insurance policy, issued to Wood By-Products by respondent Transit Casualty Company, did not provide coverage for the 1967 truck.

On appeal, Mutual of Enumclaw primarily raises two issues: (1) whether there was a mutual mistake of fact in listing the 1959 truck under the insurance policy from Mutual of Enumclaw and (2) whether Wood By-Products should have been included as an insured party under the terms of Mutual of Enumclaw's policy. We hold that the evidence does not support a finding of mutual mistake. Consequently, because there is no coverage, we need not reach the question of whether Wood By-Products was properly held to be an insured party.

The relevant facts show that Mr. Melvin Waller principally owns and operates two separate corporations, Wood By-Products and Zirbel Transport. Both businesses are engaged in the trucking industry. Waller had recently purchased Zirbel Transport and Wood By-Products, thereby acquiring equipment and vehicles titled in Zirbel Transport and Wood By-Products. Waller also brought some of his own equipment into the new businesses. All of the insurance was handled by Transit Casualty Company and Mutual of Enumclaw. Mutual of Enumclaw's policy provided coverage only to listed service vehicles for which a separate premium was charged. The Transit policy provided coverage for all "revenue-producing" trucks. Neither the 1959 truck nor the 1967 truck was endorsed as a covered vehicle under the original Mutual of Enumclaw policy. The agent of Mutual was later supplied information about the 1959 truck by an employee of Waller who requested that this truck be added to the policy. Subsequently, the 1967 truck was involved in an accident, resulting in a lawsuit against Wood By-Products and the driver to recover damages for personal injuries alleged to have been sustained in the accident.

Mutual of Enumclaw then instituted this suit, seeking a declaration that it had no liability under its insurance policy for the 1967 truck. Wood By-Products answered that it had intended to insure the 1967 truck, which made trips from Waller's businesses to a garbage dump two or three times a week, and not the inoperable 1959 truck which was kept for salvageable spare parts and tires. Mutual of Enumclaw replied that it was not aware of any mistake in coverage.

 A mistake is an unintentional act or omission arising from ignorance, surprise, or misplaced confidence. *Bailey v. Ewing*, 105 Idaho 636, 671 P.2d 1099 (Ct. App.1983). A unilateral mistake is not ordinarily grounds for relief for the mistaken party, whereas mutual mistake can be grounds for relief. A mutual mistake occurs when both parties, at the time of

contracting, share a misconception about a basic assumption or vital fact upon which they base their bargain. *Bailey v. Ewing, supra.* Where there has been a mutual mistake, equity may empower a court to reform an insurance contract to conform to the parties' true intent. *Ryan v. Mountain States Helicopter, Inc.,* 107 Idaho 150, 686 P.2d 95 (Ct.App.1984). A cause for reformation—such as mutual mistake—must be proved by clear and satisfactory evidence, not by a mere preponderance of the evidence. *Metropolitan Life Ins. Co. v. McClelland,* 57 Idaho 139, 63 P.2d 657 (1936); *Layh v. Jonas,* 96 Idaho 688, 535 P.2d 661 (1975); *Collins v. Parkinson,* 98 Idaho 871, 574 P.2d 913 (1978). Moreover, the existence of mutual mistake ordinarily is a question of fact. *Campbell v. Republic Indemnity Co.,* 149 Cal.App.2d 476, 308 P.2d 425 (1957); *In Re Marriage of Deines,* 44 Colo.App. 98, 608 P.2d 375 (1980). Whether the party asserting mutual mistake has met this "clear and satisfactory" burden of proof is a question generally for the trial court. *Collins v. Parkinson, supra.* Therefore, a trial judge, before he declares a mutual mistake, must find the evidence supporting such a mistake to be clear and satisfactory.

■ In determining the standard of review in this case, it is significant to note that the evidence submitted to the trial court was entirely in writing. We have held, with respect to applications for relief from default judgments, that although an appellate court may draw its own impressions from evidence entirely in writing, it will not substitute those impressions for findings of fact made by the trial court unless the trial court's findings are clearly erroneous. *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App. 1983); *see* I.R.C.P. 52(a). We believe this principle to be equally applicable to declaratory judgment actions submitted with evidence entirely in writing.

■ Even with this deferential standard of review, we fail to find in the record evidence that Mutual of Enumclaw shared in a mistake. Mutual's agent had insured the vehicles acquired from the previous owner of Zirbel Transport and Wood By-Products and, therefore, when he provided insurance coverage to Waller he used his previous list of vehicles. In addition, he was given information by an employee of Waller about other vehicles which were being brought into the businesses and for which insurance coverage was desired. The 1959 truck was not on the agent's previous list because that truck had not been owned by the previous owner of the businesses but was part of the equipment Waller brought into the recently purchased enterprises. The 1967 truck was also not on the agent's previous list, although Waller claims the 1967 truck was owned by the prior owner of Zirbel and Wood By-Products. Neither party explained why the 1967 truck was not on the agent's previous list. The original policy coverage created from the agent's previous list, and the additional vehicles mentioned to him, did not include either truck.

About one month later Waller's employee again contacted the agent and requested that the 1959 truck be added to the policy. Significantly, the agent obtained the information describing the 1959 truck from that employee. The year, serial number and use of the truck on the policy correspond only with the 1959 truck and not with the 1967 truck. The agent never inspected the vehicles or obtained the information about the vehicles himself. He relied on the information supplied to him by the insured and had no way of knowing there was a mistake. Arguably, it could be inferred that the agent knew or should have known the 1959 truck was inoperable because Waller's employee represented that the truck was to be used for spare parts and tires. However, this does not change our analysis because there is still no evidence that the agent knew that Waller actually intended to insure a *different* truck. The record indicates he merely insured what he was told to insure. In utilizing the clear error standard we find the trial court's finding of facts to be clearly erroneous. The trial court's finding that there was a mutual

mistake of fact is unsupported by clear and satisfactory evidence. The insurance contract should not have been reformed. It must be interpreted and applied as written.

 Next we turn to the standard by which insurance contracts are construed to determine the question of liability. We have held that insurance policies shall be interpreted in the same manner as contracts in general. *Ryan v. Mountain States Helicopter, Inc., supra.* Where the language is clear and unambiguous, the coverage of a policy must be determined from the plain meaning of its own words. E.g., *Miller v. World Insurance Company*, 76 Idaho 355, 283 P.2d 581 (1955). To ascertain the meaning of an ambiguous policy, the reasonable expectations of the insured may be considered; but those expectations do not override the plain terms of an unambiguous policy. *Foremost Insurance Company v. Putzier*, 102 Idaho 138, 627 P.2d 317 (1981). In this case, we believe Mutual's policy unambiguously insures the 1959 truck. The policy expressly lists the year 1959, the make of the truck, the serial number of the 1959 truck, and the use of the truck for spare parts and tires. Under a plain reading of the policy, there is no coverage for the 1967 truck.

The judgment of the district court is reversed. Costs to appellant, Mutual of Enumclaw. No attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.