702 P.2d 1360

**Stewart AITKEN and Grace Aitken, husband and wife, Plaintiffs-Respondents,**

v.

**Deward L. GILL and Dolina C. Gill, husband and wife, Defendants-Appellants.**

No. 15268.

Court of Appeals of Idaho.

June 25, 1985.

William B. Taylor, Jr., Grangeville, for defendants-appellants.

Reed Clements, Clements, Brown & McNichols, Lewiston, for plaintiffs-respondents.

BURNETT, Judge.

The sole issue in this appeal is whether an action brought by sellers of real property, seeking to reform the instruments of conveyance, was time-barred under the applicable statute of limitation. The district court held that it was not and granted the relief sought. For reasons explained below, we vacate the judgment and remand the case.

The facts essential to our decision are undisputed. In 1962 Stewart and Grace Aitken sold land near Riggins, Idaho, to Deward and Dolina Gill. The buyers believed that the sale included approximately seventeen acres known as "Rocky Flat." However, the sellers believed otherwise and the deed issued in 1962 did not, in fact, embrace Rocky Flat. In 1975 the parties were advised by the Idaho County Assessor that the land description in the deed was defective for reasons unrelated to Rocky Flat. To correct the defect, the sellers executed and delivered two more deeds—one in 1976 and the other in 1978. Each deed was recorded shortly after delivery. Both contained descriptions that included Rocky Flat. These descriptions evidently were furnished by a third party not identified in the record.

In 1981, as a result of events not germane to this appeal, the sellers discovered the variation between the 1976–1978 deeds and the 1962 deed. In 1982 they filed this suit for reformation of the 1976–1978 deeds, alleging that Rocky Flat had been included by mutual mistake. The buyers contended that the lawsuit was untimely and that, in any event, no reformation was appropriate because—in the buyers' view— the parties originally had intended Rocky Flat to be conveyed. The district court disagreed with the buyers on both points and entered judgment for the sellers.

■ In this appeal, only the timeliness of the suit is challenged. Idaho Code § 5–218(4) requires an "action for relief on the ground of fraud or mistake" to be filed within three years after the cause of action accrues. The statute further provides that the cause of action shall "not ... be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." I.C. § 5–218(4). However, in applying the statute to a fraud case, our Supreme Court has held that "actual knowledge of the fraud will be inferred if the allegedly aggrieved party could have discovered it by the exercise of due diligence." *Nancy Lee Mines, Inc. v. Harrison,* 95 Idaho 546, 547, 511 P.2d 828, 829 (1973). We believe the same principle logically applies to causes of action based upon mistake. Accordingly, we hold that an action seeking relief from mistake will be time-barred under I.C. § 5–218(4) unless it is filed within three years after the mistake could have been discovered in the exercise of due diligence. *Accord Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827 (Mo.App.1984); *Haddad v. Boon,* 609 S.W.2d 609 (Tex.Civ.App.1980).

■ In this case, it is uncontroverted that the sellers sued within three years after the mistake was discovered in 1981 but more than three years after the mistake first occurred in 1976 and later recurred in 1978. The district judge made no determination as to whether the mistake could have been discovered by the exercise of due diligence before 1981. An issue of due diligence is one of fact, to be addressed in the first instance by the trial court. *See Full Circle, Inc. v. Schelling,* 108 Idaho 634, 701 P.2d 254 (Ct.App.1985); *Reis v. Cox,* 104 Idaho 434, 660 P.2d 46 (1983). Where, as here, no finding has been made upon a material issue, the case must be remanded unless the record is clear and "yields an obvious answer to the relevant question." *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982).

■ Our examination of the record discloses no "obvious answer" to the question of due diligence. On one hand, the 1976

deed clearly refers to land in "Section 21 ... lying East of the Little Salmon River," which undisputedly is Rocky Flat. On the other hand, it is also clear that the 1976–78 deeds were intended to remedy an apparent defect unrelated to Rocky Flat. Moreover, the circumstances surrounding the procurement of property descriptions and the incorporation of those descriptions into the 1976–1978 deeds are obscure. Whether the sellers failed to exercise due diligence in examining the descriptions is a question ill-suited to appellate fact-finding on this record. A remand is required.

For guidance on remand, we note that recordation of the 1976–78 deeds has no bearing on the question of due diligence. When deeds are recorded, constructive knowledge of their contents is imparted only to "subsequent" purchasers or encumbrancers. I.C. § 55–811. In any event, such constructive knowledge could be no greater than the sellers' actual knowledge when they signed and delivered the deeds.

We further note that the remedy of reformation may be available for mutual mistake even though the mistake is a product of negligence. *See, e.g., Collins v. Parkinson,* 98 Idaho 871, 574 P.2d 913 (1978); RESTATEMENT (SECOND) OF CONTRACTS § 155 comment a (1981). However, the availability of a remedy is an issue separate from the threshold question of whether the underlying action is barred by the statute of limitation. Negligence may not affect the remedy sought but it will preclude a finding of due diligence necessary to any determination that the instant action was timely filed.

The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion. Costs to appellants Gill. No attorney fees on appeal.

WALTERS, C.J., and PRATHER, J. Pro Tem., concur.